33799. HOLMES MANUFACTURING CO. *v.* FRAKER.

Decided December 4, 1951.

84

O. J. Coogler Jr., for plaintiff in error.

A. Mims Wilkinson Jr., William H. Mewbourne, contra.

FELTON, J. The contract of employment sued on contained the provision: "The party of the first part [plaintiff] is to furnish a bond satisfactory to the party of the second part [defendant] to protect. such assets as are accessible to him." One of the defenses set up by the defendant was that the plaintiff failed to furnish a bond as required by such provision. Special ground one of the amended motion for a new trial complains that the court, while charging the jury as to waiver of the above-quoted provision of the contract, erred in charging as follows: "Gentlemen, I charge you that the express terms of a contract may be waived in whole or in part by the parties to it, and that where there is a contractual stipulation imposed by one party to a contract but that party does something which would amount to a waiver thereof, it is optional with the other contracting party whether he should treat the contractual provisions as waived or hold the other party to his contract in that respect. In this connection I charge you that the plaintiff could have refused to enter upon the employment of the defendant until the bond matter had been arranged for agreeably, and I further charge you that the defendant could have refused to permit the plaintiff to enter upon his duties as an employee of the defendant under the contract until a satisfactory bond was furnished to the defendant." We think that this charge was error. The last sentence authorized the jury to find that the mere fact that the defendant allowed the plaintiff to enter into employment without

first requiring him to have a bond amounted to a waiver of the bond provision in the contract as to the whole six-month period mentioned in the contract. Witnesses for the defendant testified that the plaintiff was requested to furnish the bond at different times during the period when he was actually working. This testimony was disputed by the plaintiff; but, even if the jury believed the witnesses for the defendant, under the charge complained of the jury could have found that the defendant had waived the bond provision of the contract for the whole period by allowing the plaintiff to enter into the employment without first furnishing the bond. It is possible in such a situation as this for a waiver to operate from day to day and yet not operate as a waiver for the whole contract period. Assuming for the sake of argument that the actions of the defendant showed that it waived the bond provision of the contract up to the time just prior to the discharge of the plaintiff, that fact alone would not show a waiver for the entire contract period, and the defendant could insist upon the giving of a bond for the remaining time of the employment period. We do not mean to say that the bond provision of the contract could not have been waived for the entire period at the time the plaintiff entered upon his duties, because such could have been the case if it were shown that such was intended by the parties, but the mere fact, standing alone, that the plaintiff was allowed to enter upon his employment duties without having first given a bond is not sufficient to show a waiver for the entire period, and the charge authorizing the jury to find that such fact alone constituted a waiver for the entire period was error.

The other grounds of the amended motion for a new trial will not be considered, as the matters out of which the alleged errors arose will not likely occur in the retrial of the case.

The court erred in overruling the amended motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*